**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

**PHIL KEAN DESIGNS INC.,**                    **Case No. 6:25-bk-07667-LVV**
                                               **Chapter 11**


        **Debtor.**
_____/

## NOTICE OF FILING SECOND MODIFICATION TO SUBCHAPTER V PLAN FOR REORGANIZATION FOR PHIL KEAN DESIGNS, INC.

**PHIL KEAN DESIGNS, INC.,** (the "Debtor") hereby gives notice of filing:

1.      SECOND MODIFICATION TO SUBCHAPTER V PLAN OF REORGANIZATION

FOR PHIL KEAN DESIGNS, INC. (Doc. No. 71).

**RESPECTFULLY SUBMITTED** this 23rd day of March, 2026.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**LATHAM, LUNA, EDEN & BEAUDINE, LLP**
201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
*Attorneys for Phil Kean Designs, Inc.*

**In re:**

**PHIL KEAN DESIGNS INC.,**                    **Case No. 6:25-bk-07667-LVV**
                                               **Chapter 11**


          **Debtor.**
_____/

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true copy of the **NOTICE OF FILING SECOND MODIFICATION TO SUBCHAPTER V PLAN FOR REORGANIZATION FOR PHIL KEAN DESIGNS, INC.** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: all CM/ECF participants; and the **Office of the United States Trustee**, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, this 23rd day of March 2026.

                                    /s/ Daniel A. Velasquez
                                    Daniel A. Velasquez, Esq.

**In re:**

**PHIL KEAN DESIGNS INC.,**          **Case No. 6:25-bk-07667-LVV**
                                     **Chapter 11**

          **Debtor.**
                                   /

## SECOND MODIFICATION TO SUBCHAPTER V PLAN OF REORGANIZATION FOR PHIL KEAN DESIGNS, INC.

COUNSEL FOR DEBTOR

DANIEL A. VELASQUEZ, ESQ.
LATHAM, LUNA, EDEN & BEAUDINE, LLP
201 S. ORANGE AVENUE, SUITE 1400
ORLANDO, FLORIDA 32801

March 23, 2026

In re:

PHIL KEAN DESIGNS INC.,                Case No. 6:25-bk-07667-LVV
                                            Chapter 11

        Debtor.

                                  /

## SECOND MODIFICATION TO SUBCHAPTER V PLAN OF REORGANIZATION FOR PHIL KEAN DESIGNS, INC.

**PHIL KEAN DESIGNS, INC.** (hereinafter referred to as the "**Debtor**" or "**PKD**" – where appropriate), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 1193(a), files the following second modification to the *Subchapter V Plan of Reorganization for Phil Kean Designs, Inc*. (Doc. No. 71) (the "Plan"). All terms of the Plan not altered by the modifications herein, and previously filed modifications, shall remain as set forth in the Plan. The terms of this modification will be incorporated into a *Final Plan of Reorganization* prior to the currently scheduled confirmation hearing on March 25, 2026 at 9:30 a.m.

*Article I, Subsection 26 is added and subsequent subsections renumbered to account for the following additional definition.*

## ARTICLE I – DEFINITIONS

26.    **Construction Defect Claimants** shall consist of The Bray Holding Trust Dated Sept. 17, 2007, Tim & Petra Holt, and Daniel & Patti Stasny.

*Article V, Section C, Subsection 1 is amended to read as follows*:

## ARTICLE V – TREATMENT OF IMPAIRED AND UNIMPAIRED CLASSES.

C.    Unsecured Claims.

1.    Class 3 – Allowed General Unsecured Claims Against Phil Kean Designs, Inc.,

Class 3 consists of all Allowed General Unsecured Claims against the Debtor.

As set forth in the Debtor's financial projections attached hereto as **Exhibit "A"**, the Debtor's projected disposable income equals $91,217.76. Except as provided below, in full satisfaction of the Allowed Class 3 General Unsecured Claims, Holders of Class 3 Claims shall receive a *pro rata* share of Distributions totaling $91,217.76 paid pursuant to the following payment schedule, which payments shall commence on the 14th day following the Effective Date:

Quarters 1 through 4 (Plan Year 1) :  $7,601.48 per quarter.

Quarters 5 through 8 (Plan Year 2):   $7,601.48 per quarter.

Quarters 9 through 12 (Plan Year 3): $7,601.48 per quarter.

Collectively, the above-referenced payments shall be referred to as the "Minimum Quarterly Payments."

In addition, and only to the extent that any of the Construction Defect Claimants retain an Allowed Class 3 Claim and only to the extent available insurance proceeds do not pay in full all of the Allowed Class 3 Claims of the Construction Defect Claimants, the following provisions shall apply:[1]

**Distribution of Surplus Income**.  On a semi-annual basis, the Reorganized Debtor shall remit Surplus Income (as defined below) to the Allowed Class 3 Claimholders pursuant to the terms and conditions set forth below:

**Reporting Requirement**: On a quarterly basis during the Plan Term, the Reorganized Debtor shall complete and file quarterly operating reports disclosing the Debtor's gross income, expenses, and disposable income for each Quarter of the Plan Term and attach the banking statements for the preceding Quarter. On or before thirty (30) days after the conclusion of each year of the Plan Term, Reorganized Debtor shall provide to holders of Allowed Unsecured Claims a comparison of actual to projected disposable income for that Year of the Plan. In addition, by

---

[1] Notwithstanding this qualification, the Reorganized Debtor shall comply with the Minimum Quarterly Payment and Surplus Income (as defined below) escrow provisions pending final resolution or adjudication of the claims by

January 31st of each year of the Plan Term, Reorganized Debtor shall provide financial statements for the preceding year, including a profit and loss statement and balance sheet, to the Construction Defect Claimants or other Class 3 Claimholders who request copies. Upon reasonable request and after execution of a customary non-disclosure agreement with the Reorganized Debtor, and only to the extent such information is maintained in the ordinary course of the Debtor's business, the Reorganized Debtor shall provide the Construction Defect Claimants or other Class 3 Claimholders general ledgers, job cost reports, and redacted (as to name and address) construction contracts. Any disputes related to the production of the documents shall be resolved by the Bankruptcy Court.

**Semi-Annual Payments**: In addition to the Minimum Quarterly Payments specified above (and only to the extent that insurance coverage is insufficient to pay the full amount of an Allowed Claim of the Construction Defect Claimants against the Debtor), on an semi-annual basis, the Reorganized Debtor will remit any Surplus Income (defined below) exceeding its Projected Disposable Income for each six-month period of the Plan Term on a *pro rata* basis to Class 3 Claimholders (the "Semi-Annual Surplus Payments"). Notice of the Semi-Annual Surplus Payments will be provided by the 21st day of the first month following the conclusion of each six-month period of the Plan Term, and the Semi-Annual Surplus Payments shall be paid by the 30th day of the first month following the conclusion of each six-month period. The beginning of the first six-month period shall commence the first day of the first month following entry of the Confirmation Order. Surplus Income shall be defined as the amount by which the Debtor's actual disposable income exceeds the Debtor's projected disposable income for such period as set forth in the Plan's financial projections attached thereto (i.e., $33,145.34 – Year 1; $33,967.77 – Year 2; and $24,104.65 – Year 3). Disposable Income and Surplus Income shall be calculated pursuant to 11 U.S.C. § 1191(d) and without any deductions for depreciation, amortization, compensation or distributions to insiders, capital expenditures outside the ordinary course of business, payments to affiliated entities (unless

---

settlement, arbitration, or litigation in a non-bankruptcy forum.

such payments are remitted based upon the Reorganized Debtor's *pro rata* share of necessary expenses remitted in the ordinary course of its business), or discretionary reserves not required in the ordinary course of business. Reorganized Debtor shall escrow an amount equal to each Construction Defect Claimant's *pro rata* share of the Surplus Income and Minimum Quarterly Payments based upon its filed claim amount, pending final resolution or adjudication of the claims by settlement, arbitration or litigation in a non-bankruptcy forum. Any adjudication or resolution of the claim amount by settlement, arbitration, or litigation in a non-bankruptcy forum shall be determinative of the Allowed Amount of the Claim for purposes of distribution and escrow of Surplus Income owed to the Construction Defect Claimants. Upon such resolution or final adjudication, the escrowed funds shall be released to the Construction Defect Claimants in accordance with the terms and conditions of this paragraph, with any remaining balance, if any, to be reallocated and distributed *pro rata* to holders of other Allowed General Unsecured Claims who are entitled to receive the Surplus Income or Minimum Quarterly Payments in accordance with the Plan. The separate escrow account shall be maintained by the Reorganized Debtor and not utilized for any other purpose until the full and final adjudication of the Construction Defect Claimants' claims.

**Right to Pursue Insurance Proceeds:** Allowed Class 3 Claimholders, including the Construction Defect Claimants, who have been authorized to pursue recovery from available insurance coverage by Final Order of the Bankruptcy Court shall be entitled to participate in the Distributions afforded to the holders of Allowed Class 3 Claims, which Distributions shall satisfy and discharge the Reorganized Debtor's obligations to such Class 3 Claimants under the Plan; provided however, that nothing in the Plan or Confirmation Order shall satisfy, release or discharge any rights, claims and remedies such Claimholders may retain against the Debtor's insurance policies covering such Claims. Any discharge granted to the Debtor in this case shall not discharge the liability of any insurance provider under an insurance policy of the Debtor that covers an Allowed Class 3 Claim and shall not prevent a Class 3 Claimholder from continuing to prosecute its

claims nominally against the Debtor outside of bankruptcy, through arbitration, trial and any appeals process, for the sole purpose of recovering against the Debtor's insurance provider or third parties in accordance with 11 U.S.C. § 524(e). The final adjudication or resolution of the claim amount via arbitration or by a non-bankruptcy court shall be determinative of the Allowed Amount of the Claim for purposes of distributions under Class 3 of this Plan, to the extent not satisfied by insurance proceeds or by a third party.

**Prohibition as to Distributions/Insider Compensation:** Insiders, including Phil Kean and Bradley Grosberg, will not receive compensation or distributions from the Reorganized Debtor during the Plan Term.

**Business Opportunity Covenant**: Reorganized Debtor shall not divert any business opportunities which the Reorganized Debtor is capable of performing during the Plan Term. Reorganized Debtor shall continue to market and perform services within its historical scope of services. Reorganized Debtor shall not divert any revenues, projects, or business opportunities (within its historical scope) to affiliated entities. Reorganized Debtor shall not absorb or pay any expenses of affiliated entities unless such expenses are directly associated with a benefit conferred on the Reorganized Debtor in furtherance of its profit-motive or are based on the Reorganized Debtor's *pro rata* share of necessary operating expenses.

**Events of Default**: The following shall constitute events of default: (i) failure to make required payments; (ii) failure to provide required reporting; (iii) diversion of business opportunity; (iv) improper affiliate transactions; and (v) failure to comply with the Plan. In the event of default, after notice and seven (7) day opportunity to cure, creditors may seek payment of all unpaid disposable or Surplus Income, conversion or dismissal of the case, appointment of a trustee, and recovery of attorneys' fees and costs incurred in enforcement. The Bankruptcy Court shall retain jurisdiction to enforce this provision.

In a liquidation scenario, the value received by holders of Allowed Class 3 Claims would be

$0.00 as demonstrated by **Exhibit "B"** attached hereto as Debtor's assets are fully encumbered.

Class 3 is Impaired.

**\<End of Modification\>**
