ORDERED.

**Dated: June 29, 2026**

Lori V. Vaughan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CASE NO. 6:25-bk-07667-LVV** |
| **PHIL KEAN DESIGNS, INC.,** | **CHAPTER 11** |
| | *Subchapter V Election* |
| **Debtor.** | |
| _____/ | |

**ORDER: (1) CONFIRMING FINAL SUBCHAPTER V PLAN OF REORGANIZATION**
**FOR PHIL KEAN DESIGNS, INC., (2) ESTBALISHING POST-CONFIRMAITON NOTICE**
**AND FILING DEADLINES AND (3) SETTING STATUS CONFERENCE**
(*Post-Confirmation Status Conference Scheduled for August 4, 2026, at 2:45 p.m.*)

**THIS CASE** initially came before the Court for a hearing on March 25, 2026 at 9:30 a.m.

(the "Hearing") to consider confirmation of the *Final Subchapter V Plan of Reorganization* (Doc.

No. 102) (the "Plan") filed by Phil Kean Designs, Inc. ("Debtor") and Daniel and Patricia Stasny's

*Supplemental Objection to Confirmation of Debtor's Plan* (Doc. No. 110) (the "Objection"). At

the conclusion of the Hearing, the Court announced that confirmation of the Plan would be taken

under advisement and scheduled a status conference which was ultimately conducted on June 9,

2026 at 2:00 p.m., at which time the Court announced the Plan would be confirmed.

On February 17, 2026, the Court entered the *Order (I) Scheduling Hearing on Confirmation of Plan of Reorganization, (II) Setting Related Deadlines, and (III) Setting Deadlines for Filing Administrative Expense Applications* (Doc. No. 75), which, among other things, fixed a deadline for filing objections to confirmation and ballots accepting or rejecting the Plan (the "Objection Deadline"). On or before the Objection Deadline, Debtor received four objections to the Plan (Doc. No. 95, 98, 100, and 110) (collectively the "Objections"), some of which were discussed and resolved prior to the Hearing as set forth in the Plan leaving only one objection (Doc. No. 110) unresolved.

Prior to the Hearing, Debtor filed its proposed exhibits in support of confirmation (Doc. No. 108) (the "Exhibits"), which included:

- Exhibit 1 – *Final Subchapter V Plan of Reorganization (Doc. No. 102)*

- Exhibit 2 – *Feasibility Analysis (Ex A. to Doc. No. 102)*

- Exhibit 3 – *Liquidation Analysis (Ex B. to Doc. No. 102)*
-
- Exhibit 4 – *Amended Ballot Tabulation* (*Doc. No. 107*)

- Exhibit 5 – *Claim #4-1 of Cogent Bank*

- Exhibit 6 – *Claim #5-1 of Cogent Bank*

- Exhibit 7 – *Schedules and SOFA* (Doc. No. 38)

- Exhibit 8 – *Confirmation Affidavit of Tommy Watkins (Doc. No. 104)*

At the Hearing, the Court admitted each of the Exhibits without objection.

Upon review and consideration of the Plan, the Exhibits, the testimony of Tommy Watkins, the presentation and statements of counsel present at the Hearing, the Court finds and determines that the requirements of 11 U.S.C. §§ 1129(a), 1191(a)  and 1191(b) have been satisfied. Accordingly, it is

**ORDERED**:

1. The Objection is **OVERRULED**.

2. The Plan (Doc. No. 102) is **CONFIRMED** on a non-consensual basis pursuant to 11 U.S.C. §§ 1129(a) and 1191(b). Except as otherwise set forth herein, if there is a discrepancy between the Plan and this Order, this Order controls.

3. Debtor is authorized and directed to execute all agreements and undertake the actions contemplated by the Plan, which the Court finds is a reasonable and appropriate use of Debtor's business judgment under the circumstances of this case and maximizes recoveries for all creditors.

4. ***Disbursing Agent***. Debtor is named as Disbursing Agent and must make all payments to holders of Allowed Claims as provided by the Plan.

5. ***Schedule of Payments***. All payments and distributions required under the Plan shall be made by Debtor. A schedule summarizing the timing and amount of payments to be made to each class of creditors entitled to receive distributions under the Plan is attached hereto as Exhibit "1". **Debtor shall file an updated Distribution Schedule that details the pro rata distribution to general nonpriority unsecured creditors no later than thirty (30) days after all objections to claims related to such claim are resolved.**

6. ***Inclusions to the Plan with respect to the Class 1 and Class 2 Claims of Cogent Bank.*** The following language shall be incorporated into Classes 1 and 2 as follows:

> ***The Debtor agrees to comply with all loan documents with Cogent Bank which shall remain in full force and effect and are not modified in any respect by the Plan. Additionally, Debtor agrees to pay to Cogent Bank the fees and expenses incurred in the Bankruptcy Case, not to exceed $15,000.00 (in the aggregate). Cogent shall provide an invoice to Debtor for the fees and expenses, and the invoice amount shall be paid in (5) equal monthly installments.***

7. ***Deadline to File Claim for Rejection Damages.*** Any such creditor or party in interest whose executory contract or unexpired lease was rejected by order of the Court is directed to file its claim for rejection damages within thirty (30) days from entry of this Order.

8. ***Notice of Effective Date***. Within (3) business days of the Effective Date, Debtor shall

file (or cause the filing of) a Notice of Effective Date with service upon all interested parties.

9. ***Deadline for Filing Claim Objections***. Debtor shall file all objections to claims within sixty (60) days after the Effective Date of the Plan; provided, however, Debtor may seek any extension of this deadline for cause shown.

10. ***Deadline for Filing Adversary Proceedings***. Any adversary proceeding or contested matter contemplated by the Plan (other than objections to claims referenced in paragraph 9 above) shall be filed no later than sixty (60) days after the entry of this Order.

11. In the event Debtor is unable to comply with the provisions of Local Rule 3022-1, Debtor shall file a report within ninety (90) days from entry of this Order, setting the progress made in consummating the Plan. The report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that Debtor has substantially complied with the provisions of the Plan.

12. ***Post-Confirmation Reporting***. On a quarterly basis during the term of the Plan, the Reorganized Debtor shall complete and file quarterly operating reports disclosing the Debtor's gross income, expenses, and disposable income for each Quarter of the Plan Term, which reports shall also include banking statements for the preceding Quarter. In addition to the quarterly reports specified herein, the Reorganized Debtor shall comply with any additional reporting requirements as specified in Class 3 of the Plan.

13. ***Subchapter V Trustee***. The Subchapter V Trustee shall monitor for compliance of the Plan and shall file any appropriate motions with the Court if necessary. Debtor shall submit to the Subchapter V Trustee copies of all tax returns filed during the Plan within fourteen (14) days after filing with the taxing authority. Debtor shall promptly comply with all document requests made by the Subchapter V Trustee to facilitate his monitoring of Debtor's compliance. The Subchapter V Trustee may seek compensation for the services provided.

14.     ***Notice of Substantial Consummation***. Debtor shall file with the Court a notice of substantial consummation of the Plan within fourteen (14) days after the Plan is substantially consummated.

15.     ***Motion for Final Decree***. Unless extended by the Court, on or before the later of thirty (30) days after the granting of Debtor's discharge following the completion of all Plan payments or disposition of all adversary proceedings and contested matters, Debtor shall file a motion for final decree.

16.     ***Retention of Jurisdiction***. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan (including, without limitation, actions as to those matters contemplated by the Plan) and pursuant to this Order specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the transfer of assets or property of Debtor, including any questions relating to any sums of money, services, or property due to Debtor; to hear and determine any matter concerning enforcement or interpretation of the Plan; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

17.     ***Post- Confirmation Status Conference***. A Post-Confirmation Status Conference has been scheduled before the Honorable Lori V. Vaughan for **August 4, 2026, at 2:45 p.m**. (the "Post-Confirmation Status Conference") at the George C. Young United States Courthouse, 400 West Washington Street, Courtroom 6C, 6th Floor, Orlando, Florida 32801.

# # #

Attorney Daniel A. Velasquez is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# <u>EXHIBIT 1</u>

Approximate Distribution Schedule

| | |
|---|---|
| Class 1 – Cogent Bank | Continued payment in the ordinary course in accordance with loan documents. |
| Class 2 – ACM Transtar, Inc | Continued payment in the ordinary course in accordance with loan documents. |
| Class 2(a) – Golden Oak Development, LLC | $41,007.27 paid on or before the Effective Date. |
| Class 3 – General Unsecured Creditors | $7,601.48 per quarter commencing on 14th day following the Effective Date in addition to semi-annual Surplus Income (as such term is defined in the Plan) |